UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:18-cr-35 |
| v. ) | |
| ) | Judge Collier/Steger |
| RHONDA KAY DAVIS ) | |

**REPORT & RECOMMENDATION**

### I. Introduction

On January 16, 2019, Defendant Rhonda Kay Davis, through counsel, filed a motion for a psychiatric and/or psychological evaluation under 18 U.S.C. § 4241 [Doc. 11]. Following a hearing, the undersigned found that there was reasonable cause to believe that Defendant may be "suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(a). [Doc. 29]. As a result, the Court granted Defendant's motion and ordered that she undergo a mental evaluation to determine whether she is competent to stand trial. *See id.*

Defendant's evaluation occurred at FMC Carswell. Following the evaluation, forensic psychologist, Matthew Opesso, Psy.D., submitted a forensic report (the "Report") to the Court and counsel for the parties [Docs. 34, 35]. In the Report, Dr. Opesso describes Defendant's various cognitive deficits and renders the opinion that Defendant "is not presently competent to stand trial." [Doc. 34 at PageID #: 569]. Following receipt of the Report, Defendant's attorney filed a motion for a competency hearing under 18 U.S.C. §§ 4241 and 4247(d) to determine whether Defendant is competent to stand trial. [Doc. 36]. In response, the Government filed a Motion for Psychiatric Treatment [Doc. 38], stating that the Government does not contest that Defendant is currently incompetent to stand trial, but requesting that Defendant be treated for up to four months to determine whether Defendant can be restored to competency pursuant to 18 U.S.C. § 4241(d).

On April 25, 2019, the Court held a hearing on both motions. [Doc. 40]. At that hearing,

defense counsel was prepared to present the testimony of Dr. Opesso who, along with Defendant, participated via video conference. Counsel for Defendant and the Government agreed that Dr. Opesso would confirm the information presented in his report, *to wit*, that Defendant has a mental defect that impairs her ability to assist properly in her own defense; that Defendant has minimal ability to understand the nature and consequences of the proceedings against her; and that while Defendant may possess foundational aspects of competency, she appears to lack the rational and decisional capacity often required of defendants in a trial setting. [*See* Doc. 34]. The Government's counsel confirmed that it has no objection to Dr. Opesso's findings and opinions that Defendant was presently incompetent to stand trial, but requests that Defendant be required to undergo treatment designed to restore her to competency.

## II.     Findings as to Competency

Section 4241 codifies the competency principles set forth in *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam). To be competent, a defendant must have "sufficient present ability to consult with [their] lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against [them]." *Id.* at 402; *see* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); 18 U.S.C. § 4241(c) (referencing § 4247(d) for hearing procedure). Overall, per § 4241(d), a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. Compare *United States v. Chapple*, 47 F.3d 1170, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory

analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) with *United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the Court need not resolve the burden-allocation question because the findings are not in dispute. *See, e.g.*, *Medina v. California*, 505 U.S. 437, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

The Court has carefully reviewed and considered the Report as well as the proffer of evidence at the April 25, 2019, hearing. Based upon that record, the Court **RECOMMENDS** that the District Judge find, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense under 18 U.S.C. § 4241(d).

### III. Continued hospitalization and treatment under 18 U.S.C. § 4241(d)

Having found, by a preponderance of the evidence, that Defendant is not competent to proceed, § 4241(d) provides

> . . . the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [s]he will attain the capacity to permit the proceedings to go forward[.]"

18 U.S.C. § 4241(d)(1).

Based on the Court's findings, commitment is mandatory under § 4241(d). *See, e.g.*, *United States v. Millard-Grasshorn*, 603 F.3d 492, 494 (8th Cir. 2010); *United States v. Filippi*, 211 F.3d 649, 651 (1st Cir. 2000); *United States v. Donofrio*, 896 F.2d 1301, 1302–03 (11th Cir. 1990); *United States v. Shawar*, 865 F.2d 856, 861 (7th Cir. 1989).

The undersigned therefore **RECOMMENDS** that the District Judge find that Defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent

that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense per § 4241(d), and that Defendant be committed to the custody of the Attorney General for treatment at FMC Carswell. Thereafter, Defendant shall remain at the facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that she will attain the capacity to permit further proceedings to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). If at any time during Defendant's initial period of commitment, however, the director of the facility determines that Defendant has recovered her competency, the director shall file a certificate to that effect promptly with the Clerk of this Court. *See* 18 U.S.C. § 4241(e). The Court will then proceed under § 4241(e).

### IV. Conclusion

It is, therefore, **RECOMMENDED** that:

1. Defendant's Motion [Doc. 36] requesting that the Court find that Defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense under 18 U.S.C. § 4241(d) is **GRANTED**.

2. The Government's Motion for Psychiatric Treatment [Doc. 38] **BE GRANTED** and the Court **ORDER** that:

    a. Defendant remain at FMC Carswell in "the custody of the Attorney General . . . [to] hospitalize [ ] [D]efendant for treatment . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [s]he will attain the capacity to permit the proceedings to go forward[.]" 18 U.S.C. § 4241(d)(1).

    b. If at any time during Defendant's initial period of commitment, however, the director of the facility determines that Defendant has recovered her competency, the director shall file a certificate to that effect promptly with the Clerk of this Court. *See* 18 U.S.C. § 4241(e).

    c. Defendant shall be given any necessary medications if determined appropriate to do so by the medical staff at the facility.

    d. The examiners shall have access to the Indictment [Doc. 1] and any other relevant pleadings in this case, as well as all reports available to the United States Probation Office relating to Defendant in the instant case.

e. The examiners shall have access to all available medical records on Defendant.[1]

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).