UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:18-cr-35 |
| v. ) | |
| ) | Judge Collier/Steger |
| RHONDA KAY DAVIS ) | |

## REPORT AND RECOMMENDATION

**I. Introduction**

On January 16, 2019, Defendant Rhonda Kay Davis, through counsel, filed a motion for a mental evaluation of Defendant [Doc. 11]. On January 29, 2019, the undersigned entered an order of commitment for mental evaluation [Doc. 29] to determine whether Defendant had a mental disease or defect rendering her mentally incompetent to the extent she was unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense, as set forth in 18 U.S.C. § 4241(a). [Doc. 29].

Defendant's mental evaluation was conducted at FMC Carswell. The Forensic Evaluation ("First Forensic Evaluation"), prepared by Matthew Opesso, Psy. D., was filed with the Court on April 10, 2019 [Doc. 34]. In the First Forensic Evaluation, Dr. Opesso opined:

> In our professional opinion, Ms. Davis is not presently competent to stand trial. She demonstrates slow cognitive processing and memory deficits that are likely the result of a constellation of symptoms from a mental disease(s) or defect. These symptoms have impaired her ability to demonstrate a factual and rational understanding of the adversarial nature of the legal proceedings against her and to assist in her own defense.

[Doc. 34 at PageID #: 569].

Following receipt of the First Forensic Evaluation, Defendant filed a motion for a competency hearing under 18 U.S.C. §§ 4241 and 4247(d). [Doc. 36]. The Government filed a

1

Motion for Psychiatric Treatment [Doc. 38] requesting that Defendant be committed to a federal medical center for treatment for restoration to competency. The Court conducted a competency hearing on April 25, 2019 [Doc. 40]. Dr. Opesso participated in the hearing by video-conference and confirmed the findings and recommendations set forth in his First Forensic Evaluation. After the hearing, the Court entered a Report & Recommendation, finding that Defendant was suffering from a mental disease that rendered her mentally incompetent to understand the nature and consequences of the proceedings against her or to assist properly in her defense, and recommending that she be hospitalized at FMC Carswell for further treatment to determine whether she could attain the capacity to permit the proceedings to go forward. [Doc. 41].

The District Judge adopted the undersigned's recommendations. [Doc. 42]. As a result, Defendant remained at FMC Carswell where she received treatment designed to restore her to competency. On November 7, 2019, Dr. Opesso's second Forensic Evaluation report ("Second Forensic Evaluation") was filed. [Doc. 44]. In that report, Dr. Opesso opined:

> In our professional opinion, Ms. Davis is presently competent to stand trial. Although she meets criteria for a mental illness, current symptoms from this mental disease or defect [do] not render her unable to understand the nature and consequences of the proceedings against her or to assist in her own defense at the present time. She has a factual and rational understanding of the legal proceedings before her and is able to communicate with her attorney with a reasonable degree of rational understanding.

[*Id.*]. Based on Dr. Opesso's revised opinion, the undersigned conducted a second competency hearing on January 8, 2020. [Docs. 48-49]. The Defendant and counsel for the parties were physically present. Dr. Opesso participated by video-conference. Dr. Opesso testified extensively and confirmed the findings and opinions contained in his Second Forensic Evaluation. [Doc. 44]. As a result of her continued treatment, Dr. Opesso expressed the conclusion that Defendant is now

2

Case 4:18-cr-00035-CLC-CHS   Document 52   Filed 02/18/20   Page 2 of 7   PageID #: 637

competent to stand trial.

**II.     Analysis**

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam) (citations omitted). The test for determining competency is "whether [a defendant] has sufficient present ability to consult with [their] lawyer with a reasonable degree of rational understanding—and whether [she] has a rational as well as factual understanding of the proceedings against [her]." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal marks omitted).

Under 18 U.S.C. § 4241, for a defendant to be competent, she must have "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against [her]." *Id.* at 402; *see* 18 U.S.C. § 4241(a) (phrasing the test as to whether a defendant is "unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense").

"[T]he bar for incompetency is high: a criminal defendant must lack either a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)). The Sixth Circuit has further explained that:

> In making this determination, the district court must consider several factors, including the defendant's demeanor, any prior medical opinion regarding competency, and evidence of irrational behavior. *Miller*, 531 F.3d at 348; *Williams v. Bordenkircher*, 696 F.2d 464, 466 (6th Cir. 1983). An attorney's opinion about his client's competency is likewise a relevant factor. *United States v. Tucker*, 204 F. App'x 518, 520 (6th Cir. 2006) (citing *Owens v. Sowders*, 661 F.2d 584, 586 (6th

3

> Cir. 1981)); *United States v. Jackson*, 179 F. App'x 921, 933 (6th Cir. 2006). . . . In short, "[t]here are . . . no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Williams*, 696 F.2d at 466 (quoting *Drope*, 420 U.S. at 180).

*United States v. Willis*, 362 F. App'x 531, 534 (6th Cir. 2010) (second and third alterations in original).

While 18 U.S.C. § 4241 is silent with respect to which party bears the burden of proving competence, the Sixth Circuit has determined that the government must prove, by a preponderance of the evidence, that a defendant is competent to stand trial. *United States v. Hoyt*, 200 F. Supp. 2d 790, 792 (N.D. Ohio 2002) (citing *United States v. Chapple*, 47 F.3d 1170, at *2 (6th Cir. Jan. 6, 1995) (per curiam) (unpublished table opinion)); 18 U.S.C. § 4241(d); however, "which side bears the burden of proof only matters where the proof is in equipoise, that is, where the evidence that a defendant is competent is just as strong as the evidence that [she] is incompetent." *United States v. Stafford*, No. 1:12 CR 238, 2013 WL 1694033, at *1 n.1 (N.D. Ohio April 18, 2013) (citing *Medina v. California*, 505 U.S. 437, 449 (1992) ) (internal quotation marks omitted). *See also Medina*, 505 U.S. at 449 (indicating that argument over the burden of proof, in a competency context, only matters in "narrow class" of cases where proof is "in equipoise").

If a court finds, by a preponderance of the evidence, that a defendant has a mental disease or defect rendering her incompetent, then the court must commit the defendant to the Attorney General's custody for suitable treatment. 18 U.S.C. § 4241(d). Once released into the custody of the Attorney General, if the director of the facility where defendant is hospitalized determines that the defendant "has recovered to such an extent that [the] [defendant] [is] able to understand the nature and consequences of the proceedings against [her] and to assist properly in [her] defense,

4

[the] [director] shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment."[1] 18 U.S.C. § 4241(e). Once filed, "[t]he clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall [then] hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant."[2] *Id.* "If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that [she] is able to understand the nature and consequences of the proceedings against [her] and to assist properly in [her] defense, the court . . . shall set the date for trial or other proceedings."[3] *Id.*

The evidence establishes that Defendant is presently able to understand the nature and consequences of the proceedings against her and that she has sufficient ability to assist her lawyer in her defense. [*See* Doc. 44]. Dr. Opesso noted in the Second Forensic Evaluation that Defendant is able to describe the nature of the charges against her; she understands who the participants are in her criminal proceeding; she understands the different types of evidence, testimony, and witnesses that may be presented in court; she demonstrated knowledge about the plea-bargaining process and sentencing factors; and she has the ability to make rational decisions and consult with

---

[1] In accordance with § 4241(e), the warden of FMC Carswell, M. Carr, filed a Certificate of Recovery dated October 18, 2019, which certificate was filed with the Court on November 7, 2019.

[2] Section 4247(d) mandates that, at competency proceedings, the accused be "represented by counsel . . . [and] afforded an opportunity to testify, to present evidence, to subpoena witnesses on [their] behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d).

[3] Section 4241(e) requires that if the court finds, by a preponderance of the evidence, that the defendant has recovered to competency, then the court "shall order [defendant's] immediate discharge from the facility in which [they] are hospitalized . . . ." 18 U.S.C. § 4241(e). In this case, FMC Carswell released Defendant prior to the January 8th competency hearing and into local custody at Silverdale Correctional Facility in Hamilton County, Tennessee. [*See* Doc. 46 (noting that Defendant was located at Silverdale Correctional Facility)].

her attorney. Dr. Opesso's ultimate conclusion was that Defendant has a solid understanding of the nature and consequences of the proceedings against her and is capable of assisting properly in her defense.

### III. Conclusion

The evidence supports the finding that Defendant is presently competent to proceed in this matter. Consequently, the undersigned **RECOMMENDS**[4] that:

1. The District Court find that Defendant is now able to understand the nature and consequences of the proceedings against her and she can assist properly in her defense. Consequently, she is competent to stand trial in this case.

2. The District Court set this case for trial according to 18 U.S.C. § 4241(e).

3. With respect to all further proceedings, the District Court should incorporate Dr. Opesso's recommendations with respect to appropriate accommodation for Defendant's limitations. More specifically, Dr. Opesso noted that Defendant continues "to process information slowly and require[s] repetition and concrete examples to illustrate the subject matter before the information [is] fully learned." [Doc. 44]. Consequently, he recommended that "verbal information be provided to [ ] [Defendant] in a slow, repetitious manner where she is then asked to summarize the information in her own words." [*Id.*]. Further, Dr. Opesso recommended that Defendant be presented information in a written and visual manner where possible (as opposed to strictly verbal) because it will assist her in retaining such information. [*Id.*].

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court issues this recommended disposition under 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and *Federal Rule of Criminal Procedure* 59(b) concerning the right to appeal to the District Judge. Any party may object to any portion of this Report & Recommendation for consideration, *de novo*, by the District Court within 14 days after being served with a copy of the Report & Recommendation. Failure to make timely objection consistent with the statute and rule may result in waiver of further appeal to or review by the District Court and the Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

7