UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:18-cr-35 |
| v. ) | |
| ) | Judge Collier/Steger |
| RHONDA KAY DAVIS ) | |

## REPORT AND RECOMMENDATION

### I. Introduction

On January 16, 2019, Defendant Rhonda Kay Davis filed a motion for a psychological examination and competency determination. [Doc. 11]. Following a hearing, the undersigned found that reasonable cause existed to believe that Defendant may have a mental disease or defect rendering her mentally incompetent, pursuant to 18 U.S.C. § 4241(a), and ordered a psychological evaluation to determine her competency. [Doc. 29]

Defendant's initial evaluation occurred at FMC-Carswell. All parties had access to the resulting forensic report (the "First Report") issued by a forensic psychologist, Matthew Opesso, Psy.D. [Docs. 34-35]. The First Report opined that Defendant was "not presently competent to stand trial." [Doc. 34 at PageID #: 569].

Following receipt of the First Report, Defendant filed a motion to conduct a competency hearing under 18 U.S.C. §§ 4241 and 4247(d) [Doc. 36], and the Government filed a Motion for Psychiatric Treatment [Doc. 38]. At a hearing on both motions, Dr. Opesso testified that Defendant had minimal ability to understand the nature and consequences of the proceedings against her and could not assist her attorney with the defense of her case. He further stated that, while Defendant possessed some elements of competency, she appeared to lack the rational and decisional capacity required of defendants in a trial setting. [See Doc. 34]. The undersigned issued a Report and

Recommendation finding that Defendant was not competent to proceed with trial and recommending—pursuant to 18 U.S.C. § 4241(d)—that Defendant be committed to the Attorney General's custody for further treatment by Dr. Opesso at FMC-Carswell with the goal of restoring her to competency. [Doc. 41]. The District Judge adopted the undersigned's recommendations. [Doc. 42]. As a result, Dr. Opesso continued to treat and evaluate Defendant at FMC-Carswell to determine if there was "a substantial probability that . . . [Defendant would] attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). Following several months of treatment, on October 18, 2019, Dr. Opesso issued a second forensic report ("Second Report") finding Defendant competent to stand trial. [Doc. 44].

Based on Dr. Opesso's revised opinion, the undersigned conducted a second competency hearing on January 8, 2020. [Docs. 48-49]. At the hearing, Dr. Opesso confirmed the findings set forth in his Second Report and opined that Defendant was competent to stand trial. The undersigned then issued a Report and Recommendation, finding that Defendant was "able to understand the nature and consequences of the proceedings against her and she can assist properly in her defense" and further, that she is competent to stand trial in this case." [Doc. 52]. Neither party objected to the undersigned's conclusion, and the District Judge adopted the Report and Recommendation. [Doc. 53].

This case resumed its somewhat tortuous journey toward trial, but took another detour when Defendant signed a Factual Basis for Plea [Doc. 64] in anticipation of entry of a guilty plea. The undersigned attempted to conduct Defendant's change of plea hearing on September 9, 2020. [See Doc. 73]. At that hearing, however, Defendant was unable to confirm the truth or accuracy of the statements in the Factual Basis for Plea [Doc. 64] because she could not remember those events. Consequently, the undersigned suspended the change of plea hearing.

Defendant's counsel, Robin Flores, then filed a motion requesting a second mental evaluation of Defendant. [Doc. 68]. In that motion, defense counsel stated that Defendant's mental condition had deteriorated and that had he met with her before the change of plea hearing, and she was "able to recall only very small portions of the events submitted in the Government's Factual Basis . . . and those small portions involved her encounter with police." [Id.]. Defense counsel further stated that Defendant "could not recall what she viewed in the video of the incident at issue . . . , and she could not recall what he had read to her and shown to her in the documented materials provided by the Government." [Id.]. The Government responded that it did not oppose Defendant undergoing a second mental evaluation. [Doc. 69].

The Court granted Defendant's motion for a second psychological exam and ordered Defendant back into the care of Dr. Opesso at FMC-Carswell. [Doc. 75]. On February 4, 2021, Dr. Opesso issued another forensic mental evaluation report (the "Third Report") with respect to Defendant. [Doc. 78]. Dr. Opesso noted a deterioration in Defendant's mental state as well as a "reasonable likelihood that [Defendant] could be restored to competency with a period of intervention not to exceed 120 days." [Id.]. Dr. Opesso concluded that Defendant was "not presently competent to stand trial." [Id.].

Following receipt of that report, Attorney Flores filed a motion for a competency hearing [Doc. 80], and the Government filed a motion conceding that Defendant is presently incompetent to stand trial and requesting that Defendant be committed to the Attorney General's custody to see if she can be restored to competency. [Doc. 84].

On March 3, 2021, the undersigned conducted a hearing on both motions. Attorney Flores and Assistant United States Attorney Frank Clark appeared by video, as did Defendant and Dr. Opesso. Neither the Government nor Defendant objected to Dr. Opesso's findings in the Third

Report—namely, that Defendant was not competent to stand trial. [Doc. 89]. Again, the undersigned issued a Report and Recommendation finding that Defendant was not competent to proceed with trial and recommending—pursuant to 18 U.S.C. § 4241(d)—that Defendant be committed to the Attorney General's custody for further treatment by Dr. Opesso at FMC-Carswell with the goal of restoring her to competency. [Id.]. The District Judge adopted the undersigned's recommendations. [Doc. 90].

As a result, Dr. Opesso continued to treat and evaluate Defendant at FMC-Carswell to determine if there was "a substantial probability that . . . [Defendant would] attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). Following several months of treatment, on August 2, 2021, Dr. Opesso issued a fourth forensic report ("Fourth Report") finding Defendant "presently competent to stand trial" due to "a factual and rational understanding of the legal proceedings before her" and the ability to "communicate with her attorney with a reasonable degree of rational understanding." [Doc. 94].

Based on Dr. Opesso's revised opinion, the undersigned conducted a fourth competency hearing on September 9, 2021. [Doc. 97]. The Defendant and counsel for the parties were physically present. Dr. Opesso participated virtually. Dr. Opesso testified and confirmed the findings and opinions contained in his Fourth Report that Defendant is now competent to stand trial. [Doc. 94]. Dr. Opesso notably testified that he did not find Defendant to be feigning incompetence or malingering.

## II.   Analysis

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam) (citations omitted). The test for determining competency is "whether [a defendant] has

sufficient present ability to consult with [their] lawyer with a reasonable degree of rational understanding—and whether [she] has a rational as well as factual understanding of the proceedings against [her]." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal marks omitted).

Under 18 U.S.C. § 4241, for a defendant to be competent, she must have "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against [her]." *Id.* at 402; *see* 18 U.S.C. § 4241(a) (phrasing the test as to whether a defendant is "unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense").

"[T]he bar for incompetency is high: a criminal defendant must lack either a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)). The Sixth Circuit has further explained that:

> In making this determination, the district court must consider several factors, including the defendant's demeanor, any prior medical opinion regarding competency, and evidence of irrational behavior. *Miller*, 531 F.3d at 348; *Williams v. Bordenkircher*, 696 F.2d 464, 466 (6th Cir. 1983). An attorney's opinion about his client's competency is likewise a relevant factor. *United States v. Tucker*, 204 F. App'x 518, 520 (6th Cir. 2006) (citing *Owens v. Sowders*, 661 F.2d 584, 586 (6th Cir. 1981)); *United States v. Jackson*, 179 F. App'x 921, 933 (6th Cir. 2006). . . . In short, "[t]here are . . . no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Williams*, 696 F.2d at 466 (quoting *Drope*, 420 U.S. at 180).

*United States v. Willis*, 362 F. App'x 531, 534 (6th Cir. 2010) (second and third alterations in original).

While 18 U.S.C. § 4241 is silent with respect to which party bears the burden of proving

competence, the Sixth Circuit has determined that the government must prove, by a preponderance of the evidence, that a defendant is competent to stand trial. *United States v. Hoyt*, 200 F. Supp. 2d 790, 792 (N.D. Ohio 2002) (citing *United States v. Chapple*, 47 F.3d 1170, at *2 (6th Cir. Jan. 6, 1995) (per curiam) (unpublished table opinion)); 18 U.S.C. § 4241(d); however, "which side bears the burden of proof only matters where the proof is in equipoise, that is, where the evidence that a defendant is competent is just as strong as the evidence that [she] is incompetent." *United States v. Stafford*, No. 1:12 CR 238, 2013 WL 1694033, at *1 n.1 (N.D. Ohio April 18, 2013) (citing *Medina v. California*, 505 U.S. 437, 449 (1992) ) (internal quotation marks omitted). *See also Medina*, 505 U.S. at 449 (indicating that argument over the burden of proof, in a competency context, only matters in "narrow class" of cases where proof is "in equipoise").

If a court finds, by a preponderance of the evidence, that a defendant has a mental disease or defect rendering her incompetent, then the court must commit the defendant to the Attorney General's custody for suitable treatment. 18 U.S.C. § 4241(d). Once released into the custody of the Attorney General, if the director of the facility where defendant is hospitalized determines that the defendant "has recovered to such an extent that [the] [defendant] [is] able to understand the nature and consequences of the proceedings against [her] and to assist properly in [her] defense, [the] [director] shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment."[1] 18 U.S.C. § 4241(e). Once filed, "[t]he clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall [then] hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of

---

[1] In accordance with § 4241(e), the warden of FMC Carswell, M. Carr, has twice filed a Certificate of Recovery. The first was dated October 18, 2019, which certificate was filed with the Court on November 7, 2019. The second was dated August 2, 2021, which certificate was filed with the Court on August 24, 2021.

the defendant."[2] *Id.* "If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that [she] is able to understand the nature and consequences of the proceedings against [her] and to assist properly in [her] defense, the court . . . shall set the date for trial or other proceedings."[3] *Id.*

The only evidence before this Court establishes that Defendant is presently able to understand the nature and consequences of the proceedings against her and that she has sufficient ability to assist her lawyer in her defense. [*See* Doc. 94]. Dr. Opesso noted in the Fourth Report that Defendant "displayed adequate factual knowledge of courtroom personnel and understood the role of the judge, jury, prosecutor, and defense attorney"; "express[ed] her understanding of the different types of pleas and their potential outcomes"; "correctly categorized the charges as felonies"; "understood who may be called as a witness"; and "was able to rationally weigh the advantages and disadvantages of testifying on her own behalf." [Doc. 94]. Dr. Opesso's ultimate conclusion was that Defendant has a solid understanding of the nature and consequences of the proceedings against her and is capable of assisting properly in her defense. [Id.]

### III. Conclusion

The evidence supports the finding that Defendant is presently competent to proceed in this matter. Consequently, the undersigned **RECOMMENDS**[4] that:

---

[2] Section 4247(d) mandates that, at competency proceedings, the accused be "represented by counsel . . . [and] afforded an opportunity to testify, to present evidence, to subpoena witnesses on [their] behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d).

[3] Section 4241(e) requires that if the court finds, by a preponderance of the evidence, that the defendant has recovered to competency, then the court "shall order [defendant's] immediate discharge from the facility in which [they] are hospitalized . . . ." 18 U.S.C. § 4241(e). In this case, FMC Carswell released Defendant prior to the second competency hearing and into local custody at Silverdale Correctional Facility in Hamilton County, Tennessee. [*See* Doc. 46 (noting that Defendant was located at Silverdale Correctional Facility)].

[4] The Court issues this recommended disposition under 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and *Federal Rule of Criminal Procedure* 59(b) concerning the right to appeal to the District Judge. Any party may object to any portion of this Report & Recommendation for consideration, *de novo*, by the District Court within 14 days after being served with a copy of the Report & Recommendation. Failure to make timely objection consistent

1. The District Court find that Defendant is now able to understand the nature and consequences of the proceedings against her and she can assist properly in her defense. Consequently, she is competent to stand trial in this case.

2. The District Court set this case for trial according to 18 U.S.C. § 4241(e).

3. With respect to all further proceedings, the District Court should incorporate Dr. Opesso's recommendations with respect to appropriate accommodation for Defendant's limitations. More specifically, Dr. Opesso noted that Defendant "struggled with recalling information on-the-spot, but improved her recall when provided visual cues." [Doc. 94]. Dr. Opesso recommended that Defendant be presented information "on paper as it is verbally communicated to her" and "encouraged to take notes" because each will assist her in retaining such information. [Id.].

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

with the statute and rule may result in waiver of further appeal to or review by the District Court and the Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).